## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRE PSAK**<br>5613 Opihi Street<br>Honolulu, HI 96821<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**RYAN ZINKE**<br>**Secretary of the Interior**<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington DC 20240<br><br>    **Defendant.** | **Civil Action Nos:** |

## COMPLAINT
(Employment Discrimination)

## INTRODUCTION

1. Plaintiff, Jerre Psak, brings this action to redress unlawful employment discrimination perpetrated against her by the United States Department of Interior in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 701 *et seq.*, when her United States Park Police managers discriminated against her based upon her race, sex, disabilities and prior protected activity, by harassing her and subjecting her to a hostile work environment, reducing her performance evaluation, and failing to accommodate her known disabilities.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act and Rehabilitation Act of 1973. Subject matter jurisdiction is

also pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, thereby presenting a federal question.

## VENUE

3.      Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred, and the Defendant is located, has offices, and conducts business in this District, and Plaintiff was assigned to work in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      All of the necessary administrative prerequisites for filing the above referenced claims have been met, as Plaintiff after contacting an EEO Counselor on April 26, 2016, Plaintiff filed a Formal Complaint of Discrimination on August 15, 2016.  Defendant issued Final Agency Decision (FAD) July 12, 2017, which not received by Plaintiff until it was mailed to her address in Honolulu on October 23, 2017, which allowed Plaintiff 90 days from receipt to initiate a lawsuit.  This civil action therefore filed within 90 days of plaintiff's receipt of the FAD.

## PARTIES

5.      Plaintiff, Jerre Psak, is an Asian female and a citizen of the United States.  Before retiring in late 2017, she was employed as a Canine (K9) Officer assigned to the K9 Unit of the United States Park Police (USPP) in Washington, D.C. Plaintiff suffers from posttraumatic stress disorder (PTSD) and Major Depression as well as the aftermath of a closed head injury.  Her medical conditions occasionally cause her to experience anxiety and depression and have interfered with her ability to quickly react to changing conditions.

6.      Defendant, Ryan Zinke, is the Secretary of Interior and head of the United States Department of Interior.  Mr. Zinke is named as Defendant in this action in his official capacity as

head of the Department of Interior.

## STATEMENT OF FACTS

7.      At all times relevant to this complaint, Plaintiff, Jerre Psak was employed as a

SP-0083-02 Private, Canine (K9) Officer assigned to the K9 Unit of the United States Park

Police (USPP), a part of the National Park Service, located in Washington, D.C.  She has

experienced multiple issues with her USPP managers which resulted in several complaints of

discrimination including a lawsuit alleging race, sex and disability discrimination, which was

filed on January 29, 2014, and which is currently pending in this Court.  *See Psak v. Jewell*,

1:14-cv-00116-RDM.  During this time, Plaintiff has suffered from posttraumatic stress disorder

(PTSD) and Major Depression as well as the aftermath of a closed head injury sustained in an

automobile accident in August 2016.  Her medical conditions occasionally cause her to

experience anxiety and depression and have interfered with her ability to quickly react to

changing conditions.

8.      At all times relevant to this complaint, Plaintiff's first-level supervisor was

Sergeant Jeffrey Quinn, USPP, Special Forces K9 Supervisor, and her second-level supervisor

was Lieutenant Jeffrey Schneider, USPP, Commander of the SWAT and K9 Units.  Both

Sergeant Quinn and Lieutenant Schneider were aware of Plaintiff's disabilities and were able to

secure approval of her requests for accommodation.   Both were also aware of her prior

complaints of discrimination and pending lawsuit.

9.      On March 13, 2015, Michael Johnson, a Sergeant for the USPP, Special Forces,

Icon Protection Branch (IPB) of the SWAT Unit in Washington, D.C., engaged Plaintiff in a

heated verbal exchange during which, in addition to other things, he ridiculed her for having

made previous complaints of discrimination by stating that he had heard that she "liked to sue

3

people."

10.     Two hours after the encounter on March 13, 2015, Sergeant Johnson filed an Administrative Complaint against Plaintiff alleging that she engaged in criminal activity by recording his abusive actions during the encounter described above, that she had engaged unprofessional conduct and insubordination, and that she had failed to devote time and attention to her duties.

11.     Defendant assigned Sergeant Michael Wallace, who had previously been named as a person who discriminated against Plaintiff and contributed to the hostile work environment in which she was forced to work, to investigate the March 13, 2015, Administrative Complaint filed by Sergeant Johnson against Plaintiff.  Sergeant Wallace recommended that the charge regarding the audio recording not be sustained but that the charge regarding disrespect toward a supervisor should be sustained.  Sergeant Johnson, an African American male having no history of complaining about discrimination, was not cited for his threatening and abusive treatment of Plaintiff.  Plaintiff filed a grievance regarding the sustained claim of the March13, 2015, Administrative Complaint, alleging that management officials prevented her from appealing by their refusing to comply with her requests to receive the documents associated with the investigation.  On March 23, 2016, Plaintiff was informed that the matter was "resolved and closed" and that no corrective action would be granted in connection with her grievance.

12.     On June 17, 2005, Plaintiff was ordered to attend a "counseling session" based on a bogus allegation that she had used excessive non-clinic sick leave and for having too many complaints during the rating period.  However, the "counseling session" became an occasion for informing her that the allegation of disrespect toward a supervisor as alleged in the March 13, 2015, Administrative Complaint filed by Sergeant Johnson, was sustained.  At that time she was

reprimanded for this and other allegations of misconduct and sick leave abuse.

13.    There was no basis in fact for the above-referenced counseling sessions and reprimand because: (a) Plaintiff's use of sick leave was within agency policy; (b) complaints against officers who are on patrol are not uncommon and all of the complaints against plaintiff were not sustained, except for a finding that when requested to do so, she had failed to provide her badge number to a citizen (despite the fact she actually had provided it); and (c) she was not guilty of insubordination.  In addition, although Plaintiff's use of her sick leave did not violate any rule or policy, a similarly situated non-Asian male Park Police Officer with no history of disabilities or prior EEO complaints was permitted to abuse sick leave but not subjected to counseling.

14.    Despite the claim of Plaintiff's managers that the June 17, 2015, session was convened to help her understand her sick leave use issue and to give her an opportunity to improve her conduct, and despite the fact that no other complaints against her were substantiated, on October 24, 2015,  her supervisor, Sergeant Quinn, gave Plaintiff a lower (3.75) performance rating than her previous annual rating (4.0).  However, Sergeant Quinn has denied that he lowered her evaluation but asserted that rating was justified.  Sergeant Quinn's explanation for lowering Plaintiff's 2015 Performance rating is a pretext for race, sex and disability discrimination in that only one of minor complaint was found to be justified and  non-Asian male Park Police Officers having no history of disabilities of prior EEO complaints have not had their evaluations reduced for such minor complaints.

15.    In August 2016, Plaintiff sustained a head injury in an automobile accident. When Plaintiff sought to return to duty following the automobile accident, she requested a light-duty assignment, on September 25, 2016, in order to return to work and better recover from her

injury.  On or about October 11, 2016, she was informed that management had changed her work

schedule when she returned to work.  Although Defendant approved her request for light duty,

without engaging in a meaningful interactive process, Defendant assigned her to a position that

was not appropriate given her medical issues and which exacerbated the symptoms from her

injury.  On November 15, 2016, Plaintiff requested a reasonable accommodation for her August

2016 injury, asking that she be allowed to resume her patrol duties on a part-time basis,

gradually increasing her schedule to 40 hours per week based on her doctor's recommendation

that she ease back into her ten-hour per day shift by gradually adding one hour to her shift each

week for six weeks if she was symptoms clear.  On November 15, 2016, without engaging in a

meaningful interactive process, Defendant refused to allow this accommodation.

## STATEMENT OF CLAIMS

### Count I
### (Denial of Accommodation)

16.     Plaintiff here incorporates by reference and re-alleges the above paragraphs 1

through 15 in full.

17.     Defendant violated the Rehabilitation Act by failing to accommodate Plaintiff's

known disabilities.

18.     As a direct and proximate result of Defendant's failure to accommodate

Plaintiff's disabilities,  Plaintiff has experienced and continues to experience pain, suffering, and

mental anguish, her medical condition has deteriorated, and she has experienced a reduction in

career advancement opportunities and a loss of earnings.

## Count II
### (Discrimination Based Upon Sex, Race and Disablity)

19.     Plaintiff here incorporates by reference and re-alleges the above paragraphs 1 through 18 in full.

20.     Defendant violated the Rehabilitation Act and Title VII of the Civil Rights Act by subjecting Plaintiff to a hostile work environment and lowering her 2015 performance evaluation because of her sex, race and history of having a disability and filing complaints of discrimination.

21.     As a direct and proximate result of Defendant's discrimination against Plaintiff, Plaintiff has experienced and continues to experience pain, suffering, and mental anguish, her medical condition has deteriorated and she has experienced a reduction in career advancement opportunities and a loss of earnings.

## Count III
### (Retaliation)

22.     Plaintiff here incorporates by reference and re-alleges the above paragraphs 1 through 21 in full.

23.     Defendant violated the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff to a hostile work environment and by lowering her 2015 performance evaluation in retaliation for her seeking accommodation for her disabilities and filing complaints of discrimination.

24.     As a direct and proximate result of Defendant's retaliation against her, Plaintiff has experienced and continues to experience pain, suffering, and mental anguish, her medical condition has deteriorated and she has experienced a reduction in career advancement opportunities and a loss of earnings.

7

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendant on the claims of unlawful discrimination and retaliation in violation of the both the Rehabilitation Act and Title VII of he Civil Rights Act, and to provide her with the following relief:

(a)     award Plaintiff compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(b)     enjoin Defendant from further acts of discrimination or retaliation against Plaintiff;

(c)     award Plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees; and

(d)     award Plaintiff such other and further relief as the interests of justice may require.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,


  */s/Richard L. Swick*
Richard L. Swick
D.C. Bar No. 936930
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel. (202) 842-0300
Fax (202) 842-1418
Email rlswick@swickandshapiro.com

Attorneys for Plaintiff